## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**BLUEPRINT IP SOLUTIONS LLC,**

                Plaintiff,

    v.

**ORACLE CORPORATION,**

                Defendant.

Civil Action No.

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Blueprint IP Solutions LLC ("Plaintiff" or "Blueprint IP Solutions"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Oracle Corporation (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 8,089,980 ("the '980 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.    Plaintiff is a Texas limited liability company with its principal place of business at 6009 West Parker Road, Suite 149-1009, Plano, TX 75093.

3.    Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 500 Oracle Parkway, Redwood Shores, CA 94065. Upon information and belief, and according to the Delaware Secretary of State's website, Defendant may be served with process c/o one of the following: (i) The Corporation Trust

Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and/or (ii) Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.oracle.com, which is in the business of providing computing solutions and services, amongst other things.  Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.oracle.com, and its incorporated and/or related systems (collectively the "Oracle Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Oracle Website.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Delaware and in this judicial District; and (iii) being incorporated in this District.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

<b><u>FACTUAL ALLEGATIONS</u></b>

10.      On January 3, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '980 Patent, entitled "METHOD FOR PROTECTION SWITCHING OF GEOGRAPHICALLY SEPARATE SWITCHING SYSTEMS" after a full and fair examination. The '980 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11.      Plaintiff is presently the owner of the '980 Patent, having received all right, title and interest in and to the '980 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '980 Patent, including the exclusive right to recover for past infringement.

12.      The invention claimed in the '980 Patent comprises a method for protections switching of geographically separate systems arranged in pairs.

13.      The '980 Patent contains sixteen claims, namely three independent claims and thirteen dependent claims.

14.      Claim 1 of the '980 Patent states:

"1. A method for protection switching of geographically separate switching systems arranged in pairs, comprising:
providing a pair of switching systems which are geographically separate and which supply a dedicated redundancy to each other, one of the pair of switching

systems is in an active operating state and the other is in a hot-standby operating state;

controlling the communication between the each of the pair switching system and a monitoring unit in accordance with the an operating state of the respective switching system;

when a loss of the communication to the switching system in the active operating state occurs:

activating, by the monitoring unit, the switching system in the hot-standby operating state to be in the active operating state, and deactivating, by the monitoring unit, the switching system with the communication loss to be in the hot-standby operating state, wherein when in the hot-standby operating state, the respective switching system is not active in terms of switching functions; and further features: periodically sending an IP lease request to the monitoring unit by a packet-based interface of the switching system in the hot-standby operating state, the packet-based interface is in an inactive state." See Exhibit A.

15.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '980 Patent.  More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '980 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '980 Patent.

**DEFENDANT'S PRODUCT(S)**

16.     Defendant offers solutions, such as the "Oracle Big Data MAA" system (the "Accused System"), that enables a method for protection switching of geographically separate systems arranged in pairs.  For example, the Accused System performs the method for protection switching of geographically separate systems arranged in pairs.  A non-limiting and exemplary claim chart comparing the Accused System of Claim 1 of the '980 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

17.     As recited in Claim 1, a system, at least in internal testing and usage, utilized by the accused system practices a method for protection switching of geographically separate (e.g.,

distributed or remote Hadoop Namenode server) switching systems arranged in pairs (e.g., one server is in active state and other server in hot standby state). The Accused System architecture can be utilized for Hadoop architecture. A Hadoop distributed file system (HDFS) has high availability feature. It consists of two separate Namenode servers, one of the Namenodes is in active state and the other is in standby state. See Exhibit B.

18.     As recited in one step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System practices providing a pair of switching systems (e.g., active and standby Namenode servers) which are geographically separate (e.g., distributed or remote Namenode servers) and which supply a dedicated redundancy to each other, one of the pair of switching systems is in an active operating state and the other is in a hot-standby operating state. The Hadoop distributed file system (HDFS) architecture provides a pair of Namenode servers, one of the servers in active state and other in standby state. The standby server (i.e., hot standby switching system) keeps its state synchronized with the active server to perform fast failover. See Exhibit B.

19.     As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System practices controlling the communication between the each of the pair switching system (e.g., distributed Namenode servers) and a monitoring unit (e.g., Zookeeper) in accordance with the operating state (e.g., either active or hot standby) of the respective switching system. The monitoring unit (i.e., Zookeeper) monitors status and health of Namenode servers through Zookeeper failover controller. Upon information and belief, the system comprises a controlling unit or administrative unit which configures and manages the Zookeeper services (i.e., monitoring unit) and controls communication between Zookeeper and Namenode servers. See Exhibit B.

20.     As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System practices determining a loss of the communication to the switching system in the active operating state (e.g., active Namenode server).  The system utilized by the Accused System comprises a Zookeeper failover controller which pings a health check message to an active Namenode server and informs Zookeeper about the state of the Namenode server.  When the controller doesn't receive response message from the active Namenode server, it determines that the server is lost or not available and informs Zookeeper about the monitoring status of the server.  See Exhibit B.

21.     As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused System practices activating, by the monitoring unit (e.g., Zookeeper), the switching system (e.g., Namenode server) in the hot-standby operating state to be in the active operating state, and deactivating, by the monitoring unit, the switching system with the communication loss to be in the hot-standby operating state, wherein when in the hot-standby operating state, the respective switching system is not active in terms of switching functions; and further features: periodically sending an IP lease request to the monitoring unit by a packet-based interface of the switching system in the hot-standby operating state, the packet-based interface is in an inactive state.  The system utilized by the Accused System comprises a Zookeeper failover controller which pings a health check message to an active Namenode server and informs Zookeeper about the state of the Namenode server.  When the controller doesn't receive response message from the active Namenode server, it determines that the server is lost or not available and informs Zookeeper about the monitoring status of the server.  Zookeeper (i.e., monitoring unit) switches states of Namenode server pair, the server which is in hot-standby state becomes active and the other server which is in active state goes in hot-standby state.  Upon information and belief,

the hot-standby Namenode server periodically pings the Zookeeper for network resources through the Zookeeper failover controller so that it can be prepared to become an active server.  The server sends an IP lease request to the monitoring unit (e.g., Zookeeper).  A virtual IP of Hadoop domain is assigned to the active node, but in case of failover the IP will be brought up on the standby Namenode.  Thus, the standby Namenode must request for IP lease to the monitoring unit (e.g., Zookeeper).  See Exhibit B.

22.     The elements described in paragraphs 17-21 are covered by at least Claim 1 of the '980 Patent.  Thus, Defendant's use of the Accused System is enabled by the method described in the '980 Patent.

## INFRINGEMENT OF THE '980 PATENT

23.     Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 to 22.

24.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '980 Patent.

25.     Defendant has had knowledge of infringement of the '980 Patent at least as of the service of the present Complaint.

26.      Defendant has directly infringed and continues to directly infringe at least one claim of the '980 Patent by using, at least through internal testing or otherwise, the Accused System without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '980 Patent, Plaintiff has been and continues to be damaged.

27.     By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '980 Patent, pursuant to 35 U.S.C. § 271.

28.     Defendant has committed these acts of infringement without license or authorization.

29.     As a result of Defendant's infringement of the '980 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

30.     Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.   As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

31.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

**DEMAND FOR JURY TRIAL**

32.     Plaintiff demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a.   That Defendant be adjudged to have directly infringed the '980 Patent either literally or under the doctrine of equivalents;

b.   An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '980 Patent;

d.   An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:  March 28, 2019

Respectfully submitted,

DEVLIN LAW FIRM, LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom Street, Suite 1
Wilmington, DE 19806
Phone:  302-449-9010
Fax:      302-353-4251
tdevlin@devlinlawfirm.com

Together with:

SAND, SEBOLT & WERNOW CO., LPA
Howard L. Wernow
(*pro hac vice* forthcoming)
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
Howard.Wernow@sswip.com

*ATTORNEYS FOR PLAINTIFF*
*BLUEPRINT IP SOLUTIONS LLC*